IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAVIER RODRIGUEZ, § | |
| § | |
| Plaintiff, § | |
| § | Civil No. 3:18-CV-00088-E |
| v. § | |
| § | |
| TARLAND, LLC, THOMAS MCGILL, § | |
| and TARA RUBSAMEN, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff Javier Rodriguez's Motion for Default Judgment (Doc. No. 97) and Motion Requesting that Final Default be Entered as to All Defendants (Doc. No. 105). For reasons that follow, the Court grants the motions.

In his live pleading—his First Amended Complaint—in this Fair Labor Standards Act action, Plaintiff alleges that he was employed by Defendants to work at Sol Irlandes Mexican restaurant in Dallas. Plaintiff alleges he worked at the restaurant from August 2006 to January 2018 in various capacities, including dish washer, kitchen prepper, and maintenance, and worked an average of 45 hours per week. He asserts claims for overtime wage violations. *See* 29 U.S.C. § 207(a)(1) ("no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."); *see also Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Plaintiff requests that the Court enter default judgment against Defendants Thomas McGill and Tarland, LLC. Plaintiff brought this case as a collective action, but no motion for conditional

certification was filed and Plaintiff's motion for default judgment seeks a judgment and damages only on behalf of himself.

As set out in *Arch Insurance Co. v. WM Masters & Associates, Inc.*,:

> Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person;(3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; (4) and if defendant has appeared in this action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing.
>
> In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. The clerk will enter a default when default is established by an affidavit or otherwise. After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default.
>
> \*\*\*
>
> When making a determination as to whether or not to enter a default judgment, district courts are to consider the following factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. Any doubts as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

No. 3:12-cv-2092-M, 2013 WL 145502, at \*2–3 (N.D. Tex. Jan. 14, 2013) (Lynn, J.) (some internal citations omitted).

Here, Plaintiff filed his original complaint on January 15, 2018. McGill and Tarland filed a joint answer. In April 2018, the judge previously assigned to this case granted defense counsel's unopposed motion to withdraw. No substitute counsel was named, and the Court ordered Tarland

LLC to obtain new counsel within 30 days. In May of 2018, because Tarland LLC failed to obtain new counsel as ordered, the Court determined that Tarland was in default. The clerk of the court was directed to enter default against Tarland and has done so.

On June 13, 2019, Plaintiff filed an Amended Complaint. He added Defendant Tara Rubsamen, but the Court has granted summary judgment in her favor because she was not an "employer" under the FLSA. Because the record did not reflect that McGill was served with the Amended Complaint, the Court ordered Plaintiff to do so by November 15, 2019. On November 19, 2019, because nothing in the record reflected that McGill had been served, the Court dismissed Plaintiff's claims against him. Plaintiff moved the Court to reconsider. Attached to the motion was an affidavit of a process server who had attempted nine times in the summer of 2019 to serve McGill at an address on Kimbrough Lane in Plano. The process server noted that McGill's vehicle was in the driveway and registered to the Plano address. The server believed that "Tarland LLC, by serving Thomas McGill . . . is completely avoiding service of this lawsuit." The Court reconsidered, vacated the dismissal order, and authorized substitute service on McGill by affixing a true copy of the summons and Amended Complaint to the front door of the Kimbrough Lane address that Plaintiff alleged was McGill's usual place of abode. The summons was returned executed as to McGill and reflected that he was served on December 7, 2019, when the summons was attached to the front door as ordered.

In reviewing Defendant Rubsamen's motion for summary judgment, the Court came across evidence that McGill may not have lived at the Kimbrough Lane address when he was served in December 2019. Rubsamen testified in her October 4, 2019 deposition that McGill did not live at the Plano address at that time. The Court ordered Plaintiff to re-serve McGill and later authorized substitute service on McGill at an apartment in McKinney, Texas, where he had been living. In

July of 2020, Plaintiff attempted to serve McGill at the McKinney apartment by posting the summons and complaint at the front gate. But McGill apparently moved out before he was served.

In conjunction with his motion requesting that final default be entered, Plaintiff has presented evidence the December 2019 service of the Amended Complaint on McGill in Plano was effective. According to the affidavit of the Assistant Manager and custodian of records for The Davis at the Square apartment complex in McKinney, McGill leased an apartment there in January 2019. McGill moved out on October 15, 2019. His "move out statement" lists the Kimbrough Lane address. This is not inconsistent with Rubsamen's deposition testimony that McGill did not live there on October 4, 2019. Establishing that McGill was served with the Amended Complaint has been complicated, but the Court is satisfied that he was properly served at the Plano address in December 2019. Although properly served with the Amended Complaint, he failed to file a responsive pleading or otherwise defend this lawsuit. Upon Plaintiff's motion, the Clerk entered a default as to Defendant McGill on September 15, 2020.

In deciding whether default judgment is appropriate, the Court has considered the six factors outlined in *Lindsey*. *See* 161 F.3d at 893. These factors all weigh in favor of default. Therefore, the Court concludes default judgment is proper.

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *Bell v. Able Sec. & Investigations Inc.*, No. 3:10-CV-1945-L, 2011 WL 2550846, at *2 (N.D. Tex. June 28, 2011) (quoting *United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987)). To support his damages claim, Plaintiff has provided his declaration. He seeks damages for the entire time worked at the restaurant, from 2006 to 2018, but recognizes that the Court may apply the statute of limitations.

The Court will apply the statute of limitations in determining Plaintiff's damages. The FLSA is subject to a strict two-year statute of limitations, unless the cause of action arises out of a willful violation of the FLSA, in which case the limitations period is three years. *Id.*; *see* 29 U.S.C. § 255(a). Plaintiff alleges that McGill and Tarland wilfully and intentionally refused to pay his overtime wages in violation of the FLSA. As there is nothing in the record to contradict this allegation, Plaintiff has established the willful violation of the FLSA and is entitled to overtime wages three years from the date this lawsuit was filed.

The Court accepts as true the facts stated in Plaintiff's Amended Complaint, Plaintiff's motions for default judgment (Docs. No. 97 and 105), and the supporting documents. Plaintiff seeks recovery of $7,775 unpaid overtime wages and liquidated damages from January 2015 to January 2018, as well as post-judgment interest as allowed by law. If the amount of the judgment can be reliably computed from the record, and a party is otherwise entitled to default judgment, a default judgment can be entered without a hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1991); *see* FED. R. CIV. P. 55(b)(1) & (2). Based on the allegations in Plaintiff's Amended Complaint, which the Court accepts as true, as well as the declaration supporting Plaintiff's damages, the Court finds that Defendants McGill and Tarland are liable to Plaintiff in the amount of $7,775.

For the reasons stated, the Court **GRANTS** Plaintiff's motions requesting default judgment (Docs. No. 97 and 105). The Court **orders** default judgment be entered for Plaintiff against Defendants Thomas McGill and Tarland, LLC. Plaintiff is entitled to recover $7,775, plus post-judgment interest at the applicable federal rate under 28 U.S.C. § 1961 from the date of Default Judgment until paid in full.

Plaintiff also seeks costs and attorney's fees. Plaintiff is a prevailing party and is entitled to attorney's fees under the FLSA. *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). The Court orders Plaintiff to file a motion for attorney's fees within 14 days that includes evidence supporting the amount of reasonable fees and costs.

The Court will enter final judgment separately.

**SO ORDERED**.

Signed January 27, 2021.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE